J. R. BRUMBY, JR., *Appellant*, v. CITY OF CLEARWATER, a Municipal Corporation, *Appellee.*

149 So. 203.

Division B.

Opinion filed March 10, 1933.

Opinion on Re-hearing filed July 6, 1933.

Re-hearing denied April 3, 1933.

*J. C. Davant,* for Appellant;

*Jones & White,* for Appellee.

BUFORD, J.—The appeal in this case is from an order vacating a decree *pro confesso* theretofore entered against the City of Clearwater, a municipal corporation, on a bill of complaint which sought to require specific performance of the City of Clearwater of the provisions of a certain contract which contemplated the dredging of a channel to be used by the complainant in his private business.

It was quite proper for the court to vacate the decree *pro confesso* because the bill of complaint on its face does not state a cause of action against the municipality. The allegations of the bill of complaint entirely fail to show any

power or authority vested in the municipality to make, execute or perform the contract, specific performance of which was sought.

The order appealed from should be affirmed and, unless the complainant can within a near date to be fixed by the Circuit Court so amend his bill of complaint as to show some power or authority vested in the municipality to make, execute and perform the contract involved, the bill of complaint should be dismissed. It is so ordered.

Reversed, with directions.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

## ON RE-HEARING

BUFORD, J.—Re-hearing and re-argument were granted on the petition of the appellant herein and the case has been reconsidered pursuant to the presentation on re-hearing.

It now appears to the Court that not only is the contract on which appellant relies for the relief sought void because the City of Clearwater was without authority to undertake the expenditure of public funds for the purpose of dredging a channel and basin for the use of an individual with which to carry on and maintain his private business but the contract is also void because by its terms the City attempted to finance a private business enterprise for the use and benefit of an individual by undertaking to provide and furnish the major portion of the facilities for conducting such enterprise under the terms and conditions that the cost of such facilities should be reimbursed to the city by the individual for whose benefit the same was proposed to be furnished in monthly installments extending over a period of years. This contravenes the provisions of Section 10 of Article IX of the State Constitution, because the contract clearly required

the appropriation of public money for the individual benefit of the appellant and to provide the facilities required for the conducting of his private business enterprise.

The fact that the contract refers to the enterprise as a public utility cannot make it such. All the terms of the contract show that its purpose was to provide facilities for the operation of a private business for individual profit. The contract was void from its inception and neither party acquired any rights under it. Section 10, Article IX, Constitution of Forida.

It is contended that *ultra vires* must be pleaded before the municipality is entitled to the protection of such defense. It is not necessary for us to here determine this question because in this case the contract sought to be enforced is in controversion of organic law and, therefore, the courts cannot lend their aid to its enforcement, nor to protect any alleged rights flowing to either party solely by reason of the terms and conditions' of the contract.

The decree appealed from should be affirmed and it is now so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, and BROWN, J. J., concur.