SEBRING, Justice.
The respondent, who is a plumbing contractor, filed a complaint in the Circuit Court of Duval County, Florida, to obtain a declaration as to its rights, obligations, duties and status under a certain employment contract entered -into with a local plumbers’ union. The union moved to dismiss . the action on the ground, among others, that the written agreement on which the action was based was invalid and unenforceable as to both parties because it was a closed shop agreement entered into in violation of the law and the settled public policy of the state. The trial court refused to grant the motion to dismiss the action and ordered the union to answer. Thereupon, the union instituted this present certiorari proceeding to review the order of denial.
The contract in issue is styled an “Agreement Between the Employing Plumbing and Pipefitting Contractors and Local Union No. 234.” As appears on its face, it was executed on November 1, 1944, and there; after renewed as amended on August 20, 1947, and May 11, 1951, respectively.
Article 7, of the Agreement provides: “No member of Local No. 234 shall work for an employer who is not a party to this Agreement, except for firms recognized by the United Association [of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada] as fair, and engaged in the fabrication or erection of equipment or devices that come under the jurisdiction of [said] United Association, and no employer shall work or employ any Journeyman who is not a member in good standing of Local No. 234.”
Two questions are presented in this proceeding: (1) Whether Article 7 of the contract is violative of the public policy of this state because it attempts to create a closed shop status between the union and the employer; and (2) assuming that Article 7 is a provision for a closed shop, whether it renders the whole contract void.
We think there can be no doubt that Article 7 of the contract is a stipulation providing for a closed shop agreement. Indeed, the parties .to this proceeding present no strenuous argument in opposition to the fact that such is its intent and purpose. Under this stipulation the union, with certain recognized exceptions, undertakes to agree that its members will work for no employer who is not a party to the agreement— and identical agreements to be negotiated by and between the union and employers performing work similar to that which is made the subject matter of the contract. The employer undertakes to agree that it will employ no journeyman who is not a member in good standing of the union. A closed shop agreement is defined as a contract “by which employers obligated themselves to exclude persons from employment because they were or were not labor union members”. See Local Union No. 519 of United Ass’n of Journeymen and Apprentices of Plumbing and Pipefitting Industry of U. S. and Canada v. Robertson, Fla., 44 So.2d 899, 902. The agreement in.the case at bar comes squarely within this definition.
Section 12, Declaration of Rights of the Florida Constitution, F.S.A., declares, among other things, that “The right of persons to work shall not be denied or abridged on account of membership or nonmember-ship in any labor union, or labor organization * * A similar provision appears either in the constitution or statutes of twelve other states of the Union,[1] and when the issue has been raised in those jurisdictions it has been held that an agreement which attempts to contravene such a provision is repugnant to public policy. Lincoln Federal Labor Union No. 19129 v. Northwestern Iron and Metal Co., 149 Neb. 507, 31 N.W.2d 477, affirmed on constitutional grounds 335 U.S. 525, 69 S.Ct. 251, 93 L.Ed. 212, 6 A.L.R.2d 473. “The ‘closed shop’ *821 agreement * * * became eo instante null and void * * * being in violation of the above statutes, and contrary to public policy * * In re Port Publishing Co., 231 N.C. 395, 57 S.E.2d 366, 368, 14 A.L.R.2d 842. See also American Federation of Labor v. American Sash & Door Co., 67 Ariz. 20, 189 P.2d 912, affirmed 335 U.S. 538, 69 S.Ct. 258, 260, 93 L.Ed. 222, 6 A.L.R.2d 481. 31 Am.Jur. Labor, sec. 108, 1952 pocket supplement.
To the same effect is Local Union No. 519 of United Ass’n of Journeymen and Apprentices of Plumbing and Pipefitting Industry of U. S. and Canada v. Robertson, supra, wherein it is stated: “By these provisions of the 'Constitution and the statutes [section 12, Declaration of Rights, Florida Constitution; Ch. 21968, Laws of Florida 1943, F.S.A. § 481.01 et seq.] the public policy of the State of Florida with respect to labor activities and labor opportunities has been set forth and defined. Under these provisions ft is the declared public policy of the State that all working men, whether union or non-union, shall be considered on an equal footing with respect to labor opportunites. They are guaranteed complete freedom of decision in whether to join or refrain from joining any labor organization. No person or organization may deny them the right of obtaining or retaining employment, nor may the right be abridged, by reason of membership or nonmembership in any labor organization. They are not to be Coerced or intimidated in the enjoyment of their legal rights, including the right of free decision as to whether or not they will join a union, and any person or labor organization who so coerces or intimidates them is to be deemed guilty of a crime punishable by fine or imprisonment or both.”
We must agree, therefore, with the position taken by the defendant union, that Article 7 is a provision for a closed shop agreement and hence violates the fixed public policy of this state.. Consequently the contract to which Article 7 applies must fall unless it can be said from a fair construction of the contract that Article 7 can be severed therefrom without doing violence to the intentions of the parties as .to the remainder.
We reach this conclusion for the very evident reason that an agreement that is violative of a provision of a constitution or a valid statute, or an agreement which cannot be performed without violating such a constitutional or statutory provision, is illegal and void. Lassiter & Co. v. Taylor, 99 Fla. 819, 128 So. 14, 69 A.L.R. 689. And when a contract or agreement, express or implied, is tainted with the vice of such illegality, no alleged right founded upon the contract or agreement can be enforced in a court of justice. 12 Am.Jur., Contracts, secs. 160, 209. Where the parties to such an agreement are in pari delicto the law will leave them where it finds them; relief will be refused in the courts because of the public interest. Stewart v. Stearns and Culver Lumber Co., 56 Fla. 570, 48 So. 19, 24 L.R.A.,N.S., 649; Escambia Land & Mfg. Co. v. Ferry Pass Inspectors & Shippers Ass’n, 59 Fla. 239, 52 So. 715, 138 Am.St.Rep. 121. For courts have no right to ignore or set aside a public policy established by the legislature or the people. Indeed, there rests upon the courts the affirmative duty of refusing to sustain that which by the valid statutes of the jurisdiction, or by the constitution, has been declared repugnant to public policy.
 As to when an illegal portion of a bilateral contract may or may not be eliminated leaving the remainder of the contract in force and effect, the authorities hold generally that a contract should be treated as entire when, by a consideration of its terms, nature, and purpose, each and all of its parts appear to be interdependent and common to one another and to the consideration. Stokes v. Baars, 18 Fla. 656; 12 Am.Jur., Contracts, sec. 316. Stated differently, a contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as the basis of the arrangement. Hyde & Gleises v. Booraem & Co., 16 Pet. 169, 10 L.Ed. 925. On the other hand, a bilateral contract is severable where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of *822 the contract valid legal promises on one side which are wholly supported by valid legal promises on the other. Williston on Contracts, rev. ed., Vol. 6, sec. 1782.
Whether a contract is entire or divisible depends upon the intention of the parties. Ireland v. Craggs, 5 Cir., 56 F.2d 785. And this is a matter which may be determined “by a fair construction of the terms and provisions of the 'contract itself, and by the subject matter to which it has reference.” 12 Am.Jur., Contracts, sec. 315. For the conflicting views on severability of closed shop clauses in particular see annotation 14 A.L.R.2d 846.
In light of the foregoing principles, it appears to us that the contract here in question is indivisible. From a mere reading of the contract it is apparent that Article 7, which purports to bind the parties to conform with illegal closed shop practices, is the main inducement to the agreement. For under the contract the union agrees, with minor exceptions, that none of its members will work for employers not parties to the agreement. The employer, in turn, agrees that it will hire no journeymen who are not members in good standing of the union.
Though much of the remainder of the contract is taken up with general details concerning wages, hours and conditions of labor, these details tie directly into the illegal article. For example, Article 3, Section 1, provides that Journeymen shall be required to make corrections on improper workmanship on their own time, and that any Journeyman failing to do so shall be subj ect to discipline by the Union Executive Board. Article 5 provides that union members shall receive their pay not later than 4:30 p. m. Friday, and Article 10 provides that no member of United Association Local No. 234- shall be required to undergo a physical examination.
Thus, it appears that in the contract a set of promises on one side is exchanged’ for a set of promises on the other; and it is impossible to conclude that the very significant promise on one side, namely the closed shop agreement appearing in Article 7;-can be entirely eliminated from the contract and still leave a valid working arrangement fairly reflecting the original mutual understanding between the parties. Accord: Polk v. Cleveland R. Co., 20 Ohio App. 317, 151 N.E. 808; International Union, United Automobile Aircraft & Agricultural Implement Workers of America, Local 180, C. I. O. v. J. I. Case Co., 250 Wis. 63, 26 N.W. 2d 305, 170 A.L.R. 933.
One further point needs consideration: The plaintiff below maintains that even if all of the foregoing facts were true, and the conclusions thereon valid, it is nevertheless entitled to a decree declaring its rights in the matter in a suit brought under the declaratory judgment statutes.
The simple answer to this contention is that while a litigant will not be precluded from resorting to the declaratory judgment statutes for a declaration of his-rights merely because his contentions in respect to such rights must be declared against him (Johns v. Townsend, 160 Fla. 213, 34 So.2d 565), it is settled by the decisions that before resort may be had to the statute authorizing the declaration of rights, a showing must be made by the moving party that there is a bona fide dispute between the contending parties and that the moving party has a justiciable question as to the-existence or nonexistence of some right,, status, immunity, power or privilege, which question or doubt he is entitled to have clarified or removed.
In the case at bar it is difficult to understand how under the facts pleaded in its complaint the plaintiff could have entertained a valid doubt as to any phase of its rights, status, powers or privileges. The contract in question, though originally entered into prior to the adoption of the amendment to Section 12, Declaration of Rights of the Florida Constitution, was by its own terms a contract from year to year,, embodying a provision for annual renegotiation upon proper notice, and it was as' a matter of fact twice amended or renegotiated after the adoption of the constitutional amendment. Manifestly the renewed contract under which the parties have been currently operating was, as a matter of law,, a contract executed subsequent to the en *823 actment of the foregoing constitutional provision which established the public policy in this state in regard to closed shop contracts.
The cases are - legion that a contract against public policy may not be made the basis of any action either in law or in equity. Town of Boca Raton v. Raulerson, 108 Fla. 376, 146 So. 576; Brumby v. City of Clearwater, 108 Fla. 633, 149 So. 203; and authorities cited 12 Am.Jur., Contracts, sec. 209. The principle is applicable to a declaratory judgment suit when the complaint filed by the moving party discloses affirmatively the illegal nature of the contract on which the complaint is founded and prays not only for a declaration of rights thereunder, but also for such supplemental relief as may be just and proper in order to protect the right asserted.
Agreements in violation of public policy are void because they have no legal sanction and establish no legitimate bond between the parties. Brumby v. City of Clearwater, supra. Because of this the defendant may assert the invalidity of the contract even though he is a participator in the wrong. This is so for the reason that one who has entered into a contract or undertaking which is violative of public policy owes to the public the continuing duty of withdrawing from such an agreement.
In the instant case the complaint affirmatively shows that the defendant union has withdrawn from the contract of which construction is sought, and claims no rights thereunder. By reason of what has been stated above, it is clear that after the adoption of the constitutional amendment neither the plaintiff nor the defendant could claim any rights under the contract.
In Fleming v. State Road Department, 157 Fla. 170, 25 So.2d 376, it is held that where the complaint fails to show that the defendant either claims, seeks to claim, or might have any right to claim, any right adverse to the plaintiffs under the contract or agreement of which construction under the declaratory judgment statute is sought, the complaint is subject to dismissal. We conclude that the petition for certiorari in the instant case should be granted and that the order reviewed should be quashed with directions that an order be entered dismissing the complaint.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.

. Arkansas, Arizona, Nebraska, South Dakota, .Georgia, Iowa, North Carolina, North Dakota, Tennessee, Texas, Virginia, and Nevada. Labor Law Journal, Deb. 1956, Vol. 4, No. 2, p. 118.