REED, Chief Judge.
The appellant in this case, Dickerson, Inc., the defendant below, is a construction company with offices in Stuart, Florida. The appellee, Dennis Buckley, Sr., the plaintiff below, is a resident of Fort Pierce, Florida. The issue on appeal is whether or not the trial court erred in failing to grant defendant’s motions for directed verdict.
The plaintiff filed a complaint in the Circuit Court for St. Lucie County, Florida, in which he alleged that on 9 September 1969, the defendant while working on streets in the City of Fort Pierce under a contract with the City, negligently removed a stop sign facing southbound traffic on 23rd Street at its intersection with Avenue E. The complaint charged the result of such negligence was an intersectional collision between plaintiff’s southbound vehicle and a truck eastbound on Avenue E. The defendant’s answer admitted its contract with the City of Fort Pierce, but denied negligence. At trial the defendant moved for a directed verdict at the close of the plaintiff’s evidence and at the close of all the evidence. In addition defendant made a timely post-trial motion for judgment in accordance with the earlier motions for directed verdict. The post-trial motion was denied, final judgment was entered on a jury verdict of $5,500.00 in favor of the plaintiff, and the present appeal followed.
The evidence indicated that the plaintiff was driving a motor vehicle south on 23rd Street in the City of Fort Pierce, Florida. At the intersection of 23rd Street and Avenue E, the plaintiff’s vehicle was struck by a truck traveling east on Avenue E. The date of the accident was 9 September 1969 and the time was approximately 7:45 a. m. The evidence tended to show that prior to the date of the accident, the intersection had been guarded by a stop sign erected by the City controlling traffic southbound on 23rd Street.
From testimony of agents of the defendant and a representative of the City of *572 Fort Pierce, it appears that at the time of the accident the defendant had a contract with the City of Fort Pierce to repave certain city streets, including the intersection of 23rd Street and Avenue E, and to install curbs and sidewalks. The evidence tended to show that at the time of the accident the defendant had not worked at the intersection where the accident occurred for a period of two weeks. Several pages from the general conditions of the written contract between the defendant and the City of Fort Pierce were offered in evidence by the plaintiff and admitted without objection.
From the testimony of the engineering inspector for the City of Fort Pierce — a city employee charged with the duty of inspecting all heavy construction work performed for the city — it appears that the stop sign which had theretofore been erected at the northwest corner of the intersection had been in place about a day and a half before the accident. An agent of the defendant testified that the stop sign was in place the night before the accident. There was no evidence as to how or why the sign was removed or who removed it. Because of this hiatus in the evidence, it is apparent that the plaintiff failed to prove the cause of action which he pled (i. e., that the defendant negligently removed the sign).
The plaintiff contends that an issue as to the defendant’s negligence in failing to keep the stop sign in place was tried, and by reason of Rule 1.190(b), F.R.C.P., 30 F.S.A. (which provides that issues tried by the express or implied consent of the parties shall be treated in all respects as if they had been raised by the pleadings) the variance between the pleading and the proof would not justify a directed verdict in favor of the defendant. For purposes of disposing of the issue on appeal, we will accept the plaintiff’s assertion that such issue was in fact tried by the express or implied consent of the parties. We still come to the conclusion that a directed verdict should have been granted in favor of the defendant.
It is the plaintiff’s contention on appeal that the defendant violated a duty to the plaintiff in failing to maintain in place the stop sign which should have been at the northwest corner of the intersection. Under the evidence presented in the trial court, we are unable to conclude that the defendant had any such duty to the plaintiff. In a proper case, a contract between a municipal corporation and a contractor may form the basis of a duty of care to a member of the public, Stuart v. Berry, 1963, 107 Ga.App. 531, 130 S.E.2d 838. In this particular case, however, the specific contract involved imposed no general duty on the defendant to guarantee to the City or members of the public in general that municipal stop signs would remain in place in all events. Those parts of the contract called to our attention by the plaintiff provide :
Section 120. (d) “The Contractor shall avoid damage as a result of his operations to existing sidewalks, streets curbs, pavements, utilities (except those which are to be replaced or removed), adjoining property, etc., and he shall at his own expense completely repair any damage thereto caused by his operations.
******
Section 121. (a) “. . . The safety provisions of applicable laws and building and construction codes shall be observed and the Contractor shall take or cause to be taken such additional safety and health measures as the City of Fort Pierce may determine to be reasonably necessary. Machinery, equipment and all hazards shall be guarded in accordance with the safety provision of the ‘Manual of Accident Prevention in Construction’ published by the Associated General Contractors of America, Inc., to the extent that such provisions are not in conflict with applicable local laws. The Contractor shall provide and maintain suitable, strong and substantial barri *573 cades and signs wherever necessary, which signs and barricades shall be kept lighted from sunup to sunrise (sic) with suitable red lights . . . .”

Section 123. (b) “The Contractor shall comply with all reasonable instructions of the City of Fort Pierce and the ordinances and codes of the Local Government, regarding signs, advertising, traffic, fires, explosives, danger signals, and barricades.”
******
Section 120(d) of the contract, as we read it, relates only to damage caused by the defendant’s operations under the contract and, therefore, has no relationship to the facts of the case before us. Section 121(a) when read in its entirety can reasonably be construed only to require the placing of warning signs or guards by the defendant to protect against hazards created by its work. Section 123(b) of the contract appears to us to be meaningless in the context of the present record which is totally devoid of any evidence as to “reasonable instructions of the City of Fort Pierce and the ordinances and codes of the Local Government, regarding signs. . . .”
For the foregoing reasons, it is our conclusion that without a showing that defendant caused the stop sign to be removed, the evidence does not demonstrate a relationship between the plaintiff and defendant which gave rise to a duty on the defendant to maintain the city stop sign in place. Thus failing, the proof does not create a jury issue as to actionable negligence. Southern Express Co. v. Williamson, 1913, 66 Fla. 286, 63 So. 433, 436; Central Stikstof Verkoopkanter v. Pensacola Port Authority, 5 Cir. 1963, 316 F.2d 189; and Woodbury v. Tampa Water Works Co., 1909, 57 Fla. 243, 49 So. 556, 559. Consequently, we hold that the trial judge should have granted the motion for directed verdict made at the close of all the evidence. The final judgment is reversed and on remand the trial court is directed to enter a judgment in favor of defendant.
Reversed and remanded.
CROSS and OWEN, JTJ., concur.