## HERNDON v. SOUTHERN BELL
### 80-4269-CA
Circuit Court, Duval County
August 7, 1981

Herman S. Paul, Jacksonville, for plaintiffs.

S. Grier Wells, Jacksonville, for defendant Stevens.

William S. Burns, Jacksonville, for defendant City of Jacksonville.

George D. Gabel Jr., (Harold B. Wahl and Nathan H. Wilson, of counsel), Jacksonville, for defendant Southern Bell.

VIRGINIA Q. BEVERLY, Circuit Judge.

Plaintiff, PHYLLIS SCHUCK HERNDON, hereinafter referred to as "HERNDON", has sued Defendant, SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, hereinafter referred to as "SOUTHERN BELL", for alleged negligence in allegedly creating a dangerous and hazardous condition by failing to replace a stop sign which had been removed while underground cable work was in progress. SOUTHERN BELL has filed a Motion for Summary Judgment in its favor. The undisputed facts are summarized in the following paragraphs.

1. On February 9, 1976, work was performed for SOUTHERN BELL by W. S. Cifers Construction Company, Inc. In particular, a pit was dug on the southwest corner of Ponce Boulevard and Palmetto Street in Jacksonville, for the purpose of repairing a cable in that pit. To perform the work, workmen employed by Cifers Construction Company had to take down the stop sign on that corner.

2. Mr. R. L. Minkley, who was present during the above-described work as supervisor for SOUTHERN BELL, instructed one of the workmen employed by Cifers Construction Company to replace the sign after the work was completed.

3. Later on that date, Mr. Minkley personally oversaw the reinstallation of the stop sign by one of the workmen, who lodged the stop sign back into place and who tamped the dirt down several times during the refilling process. When Mr. Minkley departed the construction site on that date, after completion of the cable repair work, the sign was in place and standing in the same condition as before commencement of the work.

4. Plaintiff alleges that two months later, on April 11, 1976, HERNDON was injured in an automobile accident at the intersection of Ponce Boulevard and Palmetto Street, when a car in which she was a passenger collided with another car driven by Mary Stevens.

5. SOUTHERN BELL files show, and nothing in the evidence controverts the fact that neither SOUTHERN BELL nor any contractor engaged by it performed work at the intersection of Ponce Boulevard and Palmetto Street from February 9, 1976 until the time of the said automobile accident on April 11, 1976.

6. There is no evidence of negligence on the part of Defendant SOUTHERN BELL in creating a dangerous condition or in any way causing the accident which forms the basis of Plaintiff's claim. To hold Defendant responsible for the said accident would be imposing upon Defendant a continuing duty of maintenance and repair in regard to the stop sign involved herein. Plaintiff has not alleged such a duty, and the facts patently preclude imposition of one. See *Dickerson, Inc. v. Buckley,* 261 So.2d 570 (Fla., 4th D.C.A., 1972), and *Garcia v. L. C. Morris, Inc.,* 306 So.2d 545 (Fla., 3d D.C.A., 1975).

7. It appears from the evidence that the stop sign at the intersection involved herein was down at the time of the accident. Internal instructions found in the records of the City of Jacksonville, directing the replacement of the stop sign after April 11, 1976, indicate by a notation that the stop

sign may have been removed by SOUTHERN BELL, but the evidence is clear that the notation is based only on hearsay, and hearsay is as inadmissible on hearing for summary judgment as it is at trial. *Vineberg v. Hardison,* 108 So.2d 922 (Fla. 3d D.C.A., 1959).

A review of the entire record in this case, including the depositions, pleadings, affidavits, and answers to interrogatories, show that there is no genuine issue as to any material fact and that the Defendant is entitled to judgment as a matter of law.

It is therefore,

ADJUDGED:

1. The aforesaid Motion of Defendant for Summary Judgment is granted.

2. Summary Judgment is granted in favor of the Defendant SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY and against the Plaintiff, PHYLLIS SCHUCK HERNDON and said Defendant shall go hence without delay.

3. The Court reserves jurisdiction to award costs upon motion therefor.