PER CURIAM.
This is an appeal by the defendant Sunshine Security and Detective Agency [Sunshine] from a final default judgment entered against it in the trial court. The defendant Sunshine urges that the trial court erred in entering the default judgment below because, inter alia, the original complaint, on which the default was based, wholly failed to state a cause of action against it. We entirely agree and reverse based on the following briefly stated legal analysis.
First, the law is well-settled that a default judgment may not be entered against a defendant on a complaint which wholly fails to state a cause of action against the said defendant. See North American Accident Insurance Co. v. Moreland, 60 Fla. 153, 53 So. 635 (1910); Fernandez-Aguirre v. Gall, 484 So.2d 1286 (Fla. 3d DCA 1986); Bay Products Corp. v. Winters, 341 So.2d 240 (Fla. 3d DCA 1976); GAC Corp. v. Beach, 308 So.2d 550 (Fla. 2d DCA 1975).
Second, the operative complaint herein alleges that an employee of the defendant Sunshine, while on the job, conspired with certain third parties to rob employees of the plaintiff Wells Fargo who were making a cash pick-up at the bank which the defendant Sunshine was under contract to guard. The complaint then seeks to impute its employee’s conspiracy to Sunshine based on an agency theory. In our view, the employee’s tortious actions in so conspiring represent a classic case of an *247 employee acting outside the scope of his employment. The subject employee was hired by the defendant Sunshine to guard the bank which he, in fact, conspired to rob. In this endeavor, we think the employee was plainly off on a frolic of his own, was in no way furthering the interests of his employer, and, consequently, was not acting within the scope of his employment as an agent of Sunshine under the doctrine of respondeat superior. See Weiss v. Jacobson, 62 So.2d 904 (Fla.1973); Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983); Martin v. United Security Services, Inc., 373 So.2d 720 (Fla. 1st DCA 1979); Reina v. Metropolitan Dade County, 285 So.2d 648 (Fla. 3d DCA 1973), cert. discharged, 304 So.2d 101 (Fla. 1974). This being so, the original complaint wholly fails to state a cause of action against the defendant Sunshine, and, consequently, the default judgment herein was improperly entered below.
Third, the remaining reasons urged by the defendant Sunshine for setting aside the default judgment below have no merit and are specifically rejected. See Westerman v. Shell’s City, Inc., 265 So.2d 43 (Fla.1972); Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983); Dowd Shipping, Inc. v. Lee, 354 So.2d 1252 (Fla. 4th DCA 1978); Haney v. Olin Corp., 245 So.2d 671 (Fla. 4th DCA 1971); see also Fawcett Publications, Inc. v. Rand, 144 So.2d 512, 514 (Fla. 3d DCA 1962), cert. denied, 155 So.2d 618 (Fla.1963) (disputes over validity of process resolved on basis of facts of each case).
The final default judgment under review is reversed and the cause is remanded to the trial court for further proceedings.