PER CURIAM.
The final order dismissing the amended complaint under review is affirmed on the ground that the subject complaint was barred by the doctrine of law of the case. We have previously held, in reversing a final default judgment entered in this cause, that the complaint upon which the final default judgment was entered wholly failed to state a cause of action. Sunshine Security & Detective Agency v. Wells Fargo Armored Servs. Corp., 496 So.2d 246 (Fla. 3d DCA 1986). This being so, the trial court was eminently correct in dismissing the amended complaint, filed upon remand, which realleged the same causes of action as the original complaint and added three additional alleged causes of action.
Where, as here, a final judgment for the plaintiff is reversed on appeal because the complaint failed to state a cause of action, the plaintiff is precluded by the doctrine of law of the case from reopening the case and filing an amended complaint upon remand containing the same causes of action ruled upon in the prior appeal and adding new, different theories of recovery not previously asserted. Don Suntan Corp. v. Tanning Research Laboratories, 505 So.2d 35, 36 (Fla. 5th DCA 1987); see Dober v. Worrell, 401 So.2d 1322, 1324 (Fla.1981); Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792 (1932); Atlantic Coast Line R.R. v. Gulf Oil Corp., 206 So.2d 688, 690 (Fla. 2d DCA 1968); cf. Brickell Place Condominium Ass’n v. American Design & Dev. Corp., 470 So.2d 74, 75 (Fla. 3d DCA 1985); Mackin v. Applestein, 404 So.2d 789, 790 (Fla. 3d DCA 1981).[1] In such a scenario, the defendant, upon remand, is entitled to the entry of a final judgment in his favor. Contrary to appellant’s argument, this result is required whether the final judgment for the plaintiff is entered upon a jury verdict or, *94 as here, upon a default. Cf. Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561 (Fla.1988); Freshwater v. Vetter, 511 So.2d 1114 (Fla. 2d DCA 1987); Designers Tile Int’l Corp. v. Capitol C Corp., 499 So.2d 4 (Fla. 3d DCA), rev. denied, 508 So.2d 13 (Fla.1987); Dean Co. v. U.S. Home Corp., 485 So.2d 438 (Fla. 2d DCA 1986); Dickerson, Inc. v. Buckley, 261 So.2d 570 (Fla. 4th DCA), cert. denied, 268 So.2d 534 (Fla.1972).
We recognize that the trial court dismissed the amended complaint on statute of limitations grounds. Nonetheless, it is well settled that a trial court may be right for any reason appearing in the record, and the law of the case reason for affirmance is obvious from this record. See In re Yohn’s Estate, 238 So.2d 290, 295 (Fla.1970); Green v. Bruns, 102 So.2d 610, 612-13 (Fla.1958); Carpenter v. Metropolitan Dade County, 472 So.2d 795, 796 (Fla. 3d DCA 1985); Florida Ins. Exchange v. State, 178 So.2d 211, 212 (Fla. 1st DCA 1965).
AFFIRMED.

. But cf. Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983) (appellate court affirming summary judgment for defendant may remand with directions to the trial court to allow post-appeal amendment to state cause of action evident from facts though not originally pled); Florida Air Conditioners, Inc. v. Colonial Supply Co., 390 So.2d 174, 176 (Fla. 5th DCA 1980) (trial court, following remand after reversal of jury verdict for appellee, should permit losing appellee to amend to state a cause of action originally pled but voluntarily dismissed in reliance on trial court’s denial of motion to dismiss which was reversed on appeal).