575 So.2d 179 (1991)
WELLS FARGO ARMORED SERVICES CORPORATION, Petitioner,
v.
SUNSHINE SECURITY AND DETECTIVE AGENCY, INC., et al., Respondents.
No. 73835.
Supreme Court of Florida.
January 17, 1991.
Rehearing Denied March 15, 1991.
Rex B. Guthrie, Miami, James V. Johnstone, Fort Pierce, and Louise H. McMurray of Louise H. McMurray, P.A., Miami, for petitioner.
Mallory H. Horton, Coral Gables, for respondents.
PER CURIAM.
We have for review Wells Fargo Armored Services Corp. v. Sunshine Security & Detective Agency, 538 So.2d 92 (Fla. 3d DCA 1989), based on express and direct conflict with Brumby v. City of Clearwater, 108 Fla. 633, 149 So. 203 (1933), and Slavin v. McCann Plumbing Co., 73 So.2d 902 (Fla. 1954). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On December 13, 1983, employees of Wells Fargo Armored Services Corporation were robbed while making a pickup at the Hialeah branch of the Intercontinental Bank. The next day an employee of Sunshine Security and Detective Agency, which provided guard services at the bank, confessed to participation in the robbery. After covering Intercontinental's losses, plus interest, Wells Fargo received an assignment of the right to proceed against Sunshine Security.
On April 13, 1984, Wells Fargo filed suit against Sunshine Security. The complaint essentially alleged that Sunshine Security was liable for the guard's actions under the doctrine of respondeat superior. A default judgment was entered against Sunshine Security on October 30, 1984, after Sunshine Security failed to serve or file any paper in the cause. Later, Sunshine Security alleged that it had never received proper *180 service of process prior to entry of the default judgment.
After a good deal of intervening motion practice, Sunshine Security appealed to the Third District. The district court ignored the issues surrounding the default judgment and found that the original complaint had failed to state a cause of action. As grounds, the Third District concluded that the guard who had participated in the robbery was acting beyond the scope of his agency relationship with Sunshine Security. The Third District rejected all remaining grounds for reversal and remanded the cause for further proceedings. Sunshine Sec. & Detective Agency v. Wells Fargo Armored Servs. Corp., 496 So.2d 246 (Fla. 3d DCA 1986).
After receiving the mandate, the trial court dismissed the original complaint on January 8, 1987. Subsequently, Wells Fargo filed an amended complaint and a motion to add new parties and theories of recovery. Sunshine Security then filed a motion to dismiss on grounds that the statute of limitations precluded recovery. Later, the trial court granted this motion.
On appeal, the Third District affirmed the result but did so based on the law-of-the-case doctrine. Reviewing the record, the Third District concluded that the amended complaint "contain[ed] the same causes of action ruled upon in the prior appeal and add[ed] new, different theories of recovery not previously asserted." Wells Fargo, 538 So.2d at 93. The district court expressly found that the law-of-the-case doctrine precluded reopening the case and filing an amended complaint on remand. Id. at 93-94.
We reject this conclusion. The law-of-the-case doctrine was meant to apply to matters litigated to finality, not to matters that remain essentially unresolved due to the erroneous ruling of a lower court. Normandy Beach Properties Corp. v. Adams, 126 Fla. 844, 171 So. 796 (1937). Here, the default judgment was held to be erroneous on grounds the original complaint failed to state a cause of action. Wells Fargo, 496 So.2d at 246. The effect was to return this proceeding to the lower court as though the erroneous ruling never had been made. Stossel v. Gulf Life Ins. Co., 123 Fla. 227, 166 So. 821 (1936). In other words, the trial court was obliged to treat this case as though, without regard to the intervening appeal, a complaint had been filed that failed to state a cause of action.
In Brumby, we confronted a situation in which a complaint was dismissed for failure to state a cause of action. We then noted that
unless the complainant can within a near date to be fixed by the Circuit Court so amend his bill of complaint ... [to state a cause], the bill of complaint should be dismissed.
Brumby, 108 Fla. at 634, 149 So. at 204. Clearly, Brumby contemplated a right to amend under the stated circumstances. Indeed, Florida recognizes a rule favoring a right of amendment after a party has failed to state a cause of action. Slavin. The denial of a right to amend simply because prior attempts to state a cause of action have failed may be deemed an abuse of discretion. Wilensky v. Perell, 72 So.2d 278 (Fla. 1954).
The court below erred in saying that "plaintiff is precluded by the doctrine of law of the case from reopening the case and filing an amended complaint upon remand containing the same causes of action ruled upon in the prior appeal and adding new, different theories of recovery not previously asserted." Wells Fargo, 538 So.2d at 93. The plaintiff would be so precluded by the law of the case only if it opted not to amend and endeavored to proceed on the same theories asserted in the original complaint. However, a plaintiff should be permitted to assert a new theory of recovery. Id. Of course, the sufficiency of such a new theory can be tested by a motion to dismiss.
In this case, plaintiff did file an amended complaint in which it added new counts embodying the theories of bailment and negligent employment against the defendant Sunshine Security and Detective Agency. The amended complaint also added *181 a count against Jacinto Alfonso and Margaret Alfonso as surviving trustees of Sunshine Security and sought punitive damages against the above named defendants. Finally, the amended complaint alleged that Sunshine Security and Jacinto and Margaret Alfonso fraudulently conveyed assets of Sunshine Security to Sunrise Security Polygraph and Detective Bureau Corporation. The defendants appropriately tested the sufficiency of the new counts by a motion to dismiss.
Apparently, the trial court did not pass on the sufficiency of the new theories but dismissed on the statute-of-limitations ground. We are not confronted with the correctness of that conclusion. We infer that the court below did not agree with such a conclusion but approved the trial court's action on the law-of-the-case theory. Accordingly, we quash the decision of the district court and remand to the trial court for a determination of the sufficiency of the amended complaint.
It is so ordered.
SHAW, C.J., OVERTON, BARKETT and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
GRIMES, J., concurs with an opinion.
McDONALD, J., dissents.
GRIMES, Justice, concurring.
Leave to amend a complaint should not be denied unless the privilege has been abused or the complaint is clearly not amendable. Wiggins v. Tart, 407 So.2d 1094 (Fla. 1st DCA 1982); Highlands County School Bd. v. K.D. Hedin Constr., Inc., 382 So.2d 90 (Fla. 2d DCA 1980). Here, there was no abuse because Wells Fargo had never before sought to amend its complaint. As noted in the majority opinion, the complaint was susceptible to amendment by the addition of new theories upon which the claim could be supported. The applicability of the statute of limitations is not before us. The effect of the ruling below in cases where the initial complaint fails to state a cause of action would put a plaintiff who obtains a default judgment in a worse position than one whose complaint was dismissed upon the defendant's motion.