Ms. Elizabeth M. Hernandez Coral Gables City Attorney Post Office Box 141549 Coral Gables, Florida 33114-1549
Dear Ms. Hernandez:
On behalf of the Coral Gables City Commission you have asked for my opinion on substantially the following question:
Is the City of Coral Gables authorized to loan money to the contraband forfeiture trust fund from the government's general budget for authorized expenditure that may be repaid from the trust fund to the general fund upon receipt of forfeited funds?
In sum:
The City of Coral Gables may contribute to the special law enforcement trust fund so long as such an expenditure serves a municipal purpose, is included in the budget and is made pursuant to an appropriation. However, funds from the special law enforcement trust fund established pursuant to section932.7055(4)(a), Florida Statutes, may not be used to repay money advanced to the fund by the City of Coral Gables.
According to your letter, the City of Coral Gables is concerned about a deficit in the police department's special law enforcement trust fund. You have asked whether the city may loan money to the special law enforcement trust fund from the city's general budget for authorized expenditures that may be repaid from the trust fund to the city's general fund upon receipt of forfeited funds.
Initially, I must advise you that this office must presume the validity of actions taken in the past by the City of Coral Gables and the police chief. No comment is expressed herein on previous expenditures of contraband forfeiture funds by the city or its officers.
It is axiomatic that the expenditure of public funds must primarily serve a public purpose.[1] Thus, any expenditure of municipal funds must serve a municipal purpose, rather than a private purpose.[2]
Section 166.241, Florida Statutes, makes general provision for budgeting by municipalities. The statute requires that municipalities report their finances annually and prescribes a municipal fiscal year.[3] Section 166.241(3), Florida Statutes, provides:
"The governing body of each municipality shall adopt a budget each fiscal year. The budget must be adopted by ordinance unless otherwise specified in the respective municipality's charter. The amount available from taxation and other sources, including amounts carried over from prior fiscal years, must equal the total appropriations for expenditures and reserves. The budget must regulate expenditures of the municipality, and it is unlawful for any officer of a municipal government to expend or contract for expenditures in any fiscal year except in pursuance of budgeted appropriations."
Thus, assuming the Coral Gables City Commission has determined that an expenditure serves a municipal purpose and has budgeted for such an expenditure and appropriated funds for payment of any such expenditure, the use of municipal funds for such a purpose would be appropriate.[4]
However, certain concerns arise regarding the loan of municipal funds to address a deficit in the city's special law enforcement trust fund with the expectation that such funds will be repaid.
Sections 932.701-932.707, Florida Statutes, the Florida Contraband Forfeiture Act,[5] authorize the seizure and forfeiture of any contraband article, vessel, motor vehicle, aircraft, personal property, or real property used in violation of the act.
A law enforcement agency effecting a forfeiture of seized property may elect to retain or sell or otherwise salvage or transfer the property to any public or nonprofit organization rather than retain it for the law enforcement agency.[6]
If seized property is sold, the proceeds are disbursed in the manner prescribed by statute.[7] When the seizing agency is a municipality, any remaining proceeds are to be deposited in a special law enforcement trust fund established by the governing body of the municipality.[8] Funds may be expended from a contraband forfeiture trust fund only upon request by the chief of police when accompanied by a written certification that the request complies with the act and when appropriated to the police department by the governing body of the municipality.[9]
In specifying the uses for such proceeds in the special law enforcement trust fund, section 932.7055(4)(a), Florida Statutes, states, in part:
"Such proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency."
Funds received through an appropriation from the contraband forfeiture fund may be expended in accordance with statutorily prescribed procedures:
"1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate.
2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds."[10]
Given the statutory prohibition against using contraband trust funds as a source of revenue to meet normal operating needs of a law enforcement agency, this office has consistently concluded that contraband funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular, or established.
The Florida Contraband Forfeiture Act establishes a scheme for the appropriation and expenditure of trust funds generated by the seizure and forfeiture of contraband. Pursuant to section932.7055(4)(a), Florida Statutes, proceeds from the special law enforcement trust fund "shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants." No other purposes are authorized. In addition, the act specifically provides that:
"Neither the law enforcement agency nor the entity having budgetary control over the law enforcement agency shall anticipate future forfeitures or proceeds therefrom in the adoption and approval of the budget for the law enforcement agency."[11]
While I am aware of no prohibition against the City of Coral Gables contributing to the special law enforcement trust fund established pursuant to section 932.7055(4)(b), Florida Statutes, there is no authority to secure repayment of such moneys from future forfeitures or proceeds therefrom. In fact, such a repayment arrangement would violate the mandate of the statute that such moneys only be used for law enforcement purposes.[12]
Therefore, it is my opinion that the City of Coral Gables may contribute to the special law enforcement trust fund so long as such an expenditure serves a municipal purpose, is included in the budget and is made pursuant to an appropriation. However, funds from the special law enforcement trust fund established pursuant to section 932.7055(4)(a), Florida Statutes, may not be used to repay money advanced to the fund by the City of Coral Gables.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Art. VII, s. 1, Fla. Const., which limits the imposition of taxes and the spending of tax revenues to public purposes; and see, Art. VII, s. 10, Fla. Const. 
[2] See, s. 166.021, Fla. Stat. And see, Atlantic Coast Line R.Co. v. City of Lakeland, 115 So. 669, 676 (Fla. 1927) (municipal tax must be for a public purpose or it is not a legitimate exercise of the taxing power); and Brumby v. City of Clearwater,149 So. 203 (Fla. 1933) (no authority for the expenditure of public money to dredge a canal leading to an individual's place of business); Op. Att'y Gen. Fla. 98-81 (1998) (city may expend public funds for maintenance of permanent easement through private property if easement grants public the right to travel on property and city commission determines that expenditure serves a municipal purpose).
[3] Section 166.241(1) and (2), Fla. Stat.
[4] See, e.g., Op. Att'y Gen. Fla. 01-30 (2001), concluding that the city could lend properly appropriated municipal funds to a community redevelopment agency for a project declared by the city to represent a municipal purpose).
[5] Section 932.701(1), Fla. Stat., provides the title for the act.
[6] Section 932.7055(1), Fla. Stat.
[7] See, s. 932.7055(3), Fla. Stat., prescribing that the proceeds be used to satisfy any liens preserved by the court in the forfeiture proceedings, pay the costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of the property, and pay any court costs incurred in the forfeiture proceeding.
[8] Section 932.7055(4)(a), Fla. Stat.
[9] Section 932.7055(4)(b), Fla. Stat. And see, Op. Att'y Gen. Fla. 91-69 (1991), stating that a county commission was not authorized to expend funds from a contraband trust fund absent a request and the required certification from the sheriff/director of public safety. See also, Op. Att'y Gen. Fla. 81-99 (1981) (board of county commissioners vested with exclusive authority to decide appropriation of contraband trust funds to the sheriff's office).
[10] Section 932.7055(4)(c)1.-3., Fla. Stat.
[11] Section 932.7055(8)(c), Fla. Stat.
[12] See, Op. Att'y Gen. Fla. 93-06 (1993) (funds from special contraband forfeiture trust fund may not be used to repay moneys advanced to the fund by city); Op. Att'y Gen. Fla. 01-30 (2001) (city may lend properly appropriated municipal funds to community redevelopment agency for project declared to represent municipal purpose).