[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14665
_____

D.C. Docket No. 1:11-cv-20638-KMM

POWER FINANCIAL CREDIT UNION,

Plaintiff-Appellant,

versus

NATIONAL CREDIT UNION ADMINISTRATION BOARD,
in its capacity as conservator of Keys Federal Credit Union,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(November 6, 2012)

Before BARKETT and PRYOR, Circuit Judges, and LAWSON,[*] District Judge.

PER CURIAM:

---

[*] Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting by designation.

The main issue in this appeal is whether an agreement for a Florida credit union to purchase mortgages of non-members was unenforceable under Florida law.  Power Financial Credit Union agreed to purchase a pool of mortgages from the National Credit Union Administration.  As a Florida credit union, Power Financial by statute can purchase mortgages only when the mortgage debtors are members of the credit union, Fla. Stat. § 658.038(15) (2010), but none of the mortgage debtors in the pool offered by the Administration were members of Power Financial.  The Administration later cited concerns about the legality of performance and refused to sell the mortgage pool to Power Financial.  After Power Financial sued to enforce the agreement, the district court granted summary judgment in favor of the Administration on the ground that the agreement was unenforceable under Florida law.  We affirm the summary judgment because the agreement was unenforceable and affirm the denial of a motion for enlargement of time for discovery because the denial of that motion was not an abuse of discretion.

## I.  BACKGROUND

On July 12, 2010, Keys Federal Credit Union agreed to sell Power Financial Credit Union a pool of 60 mortgage loans.  By that time, Keys Federal, a federally-chartered credit union, had been placed in voluntary conservatorship by the National Credit Union Administration, a federal agency that supervises credit unions, and the Administration had taken over the supervision and management of

2

Keys Federal.  Power Financial is a state-chartered credit union in Florida.  Under Florida law, the membership of a state-chartered credit union is limited to a "field of membership" composed of a "defined group of persons" who share some trait such as working in a similar profession, living in the same identifiable community, working for a common employer, or working for the credit union.  Fla. Stat. § 657.002(9).  A state-chartered credit union "may purchase the conditional sales contracts, notes, and similar instruments of its members, provided that the credit union could have originally made the loan."  Id. § 657.038(15).  When the contract was entered, the debtors on the 60 mortgages in the pool were not part of the field of membership of Power Financial.

Before entering the agreement, Power Financial sought guidance from the Florida Office of Financial Regulation about purchasing the mortgage pool.  The Office informed Power Financial that it could not purchase the mortgage pool because the mortgage debtors were not members of Power Financial.  The Office also stated that Power Financial could enter a loan participation agreement, but advised Power Financial to restructure the transaction so that Power Financial would acquire no more than a 90 percent interest in the outstanding balance of the loans.  After receiving this advice, Power Financial signed the agreement to purchase the mortgage pool.  Although the parties discussed a closing date of July

3

15, 2010, the agreement did not contain a closing date or a "time is of the essence" clause.

Power Financial then requested that the Office issue an emergency order permitting Power Financial to purchase the mortgage pool.  The Office responded that the exercise of the emergency power required a showing that a financial institution was either insolvent or threatened with immediate insolvency, Fla. Stat. § 655.4185, and Power Financial had not made that showing.  The Office denied the request for permission to purchase the mortgage pool.

An attorney for Power Financial, Herbert Haughton, later spoke with a sub-agent for the Administration, Timothy Hornbrook, and proposed that the agreement be restructured as a loan participation with Power Financial holding a 90 percent interest in the loans.  Hornbrook suggested that this proposal was acceptable and suggested that Power Financial prepare an amendment to the agreement for the Administration to review.  The amendment was then delivered to Hornbrook.

Hornbrook later sent a letter to Power Financial rejecting the amendment. The letter also stated that Keys Federal had determined that the mortgage pool was an important asset "both now and in the future."  Power Financial responded that the original agreement for Keys Federal to sell the mortgage pool remained binding.  Power Financial also stated that it was applying to expand its

4

membership so that it could move forward with the initial agreement and that Power Financial expected Keys Federal to fulfill the obligations of the initial agreement.

The Office expanded the field of membership of Power Financial on October 18, 2010. The next day Power Financial sent a letter to the Administration to inform it of the expansion of the field of membership and that Power Financial was ready to close the loan purchase. The Administration never responded. Power Financial later sent a second letter demanding performance of the agreement, but the Administration did not reply.

Power Financial filed a complaint in a Florida court alleging that Keys Federal breached the agreement for the sale of the mortgage pool. The Administration intervened as conservator for Keys Federal and removed the action to the district court, 12 U.S.C. § 1789(a)(2). The Administration filed a motion to be substituted as a party defendant, and the district court granted that motion. Both parties then filed a joint motion to extend time to complete discovery. The district court denied the joint motion without comment.

The Administration then filed a motion for summary judgment arguing that Power Financial could not enforce the contract because the purchase of the loans was barred by Florida law. The district court concluded that "performance of the Contract, at all times since its formation has been prohibited by Section

5

657.038(15)'s requirement that the borrowers who have mortgages in the portfolio be members of Power Financial." The district court also concluded that the expansion of the field of membership of Power Financial did not alter this conclusion because the mortgage debtors had not become members after the expansion. Because performance of the contract would have violated Florida law, the district court granted summary judgment in favor of the Administration.

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. We review a grant of summary judgment de novo. Cruz v. Publix Super Mkts, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005). We apply the same legal standards that bound the district court, and view all facts and reasonable inferences in the light most favorable to the nonmoving party. Id. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial of motions for discovery for abuse of discretion. Am. Key Corp. v. Cole Nat'l Corp., 762 F.2d 1569, 1572 (11th Cir. 1985).

## III. DISCUSSION

We divide our discussion of this appeal in two parts. First, we explain that the Administration was entitled to a summary judgment because the agreement

6

with Power Financial was unenforceable. Second, we explain that the denial of the joint motion to extend the time for discovery was not an abuse of discretion.

### A.  The Agreement Was Unenforceable.

A Florida state-charted credit union "may purchase the conditional sales contracts, notes, and similar instruments of its members, provided that the credit union could have originally made the loan." Fla. Stat. § 657.038(15). When Power Financial and the Administration entered the initial agreement on July 12, 2010, the mortgage debtors could not be members of Power Financial because they were outside the "limited field of membership" of Power Financial. Fla. Stat. § 657.002(9). The field of membership of Power Financial was not expanded to include the mortgage debtors until October 18, 2010. Even after the expansion the field of membership of Power Financial, Power Financial did not enroll the mortgage debtors as members.

The district court correctly ruled that the agreement was unenforceable. Performance of the agreement would have required Power Financial to violate section 657.038(15) by purchasing loans on which the debtor was not a member of Power Financial. "[A] contract which violates a provision of . . . a statute is void and illegal and, will not be enforced in [Florida] courts." De Lage Landen Fin. Servs., Inc. v. Cricket's Termite Control Inc., 942 So. 2d 1001, 1003 (Fla. Dist. Ct.

7

App. 5th Dist. 2006) (quoting Harris v. Gonzalez, 789 So. 2d 405, 409 (Fla. Dist. Ct. App. 4th Dist. 2001)).

Power Financial argues that the agreement should be enforced against the Administration because section 657.038(15) applies only to the state credit union making the purchase, but this argument fails.  The bar on the enforcement of contracts resulting in statutory violations applies even when the party seeking enforcement would be the only party violating the law.  The Florida Supreme Court has explained that contracts that produce statutory violations are unenforceable because "courts have no right to ignore or set aside a public policy established by the legislature or the people.  Indeed, there rests upon the courts the affirmative duty of refusing to sustain that which by the valid statutes of the jurisdiction . . . has been declared repugnant to public policy." Local No. 234 of United Ass'n of Journeyman & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Henley & Beckwith, Inc., 66 So. 2d 818, 821 (1953).  This principle applies regardless of which party would violate the law when the contract is performed.  The agreement was unenforceable under Florida law even though Power Financial would have been the only party violating section 657.038(15).

Power Financial argues that there remains a disputed issue of material fact about whether the Administration repudiated the agreement before Power Financial had a reasonable opportunity to enroll the mortgage debtors, but we disagree.

Under Florida law, "[a] prospective breach of a contract occurs when there is absolute repudiation by one of the parties prior to the time when his performance is due under the terms of the contract.  Such a repudiation may be evidenced by words or voluntary acts but the refusal must be distinct, unequivocal, and absolute."  Mori v. Matsushita Elec. Corp. of Am., 380 So. 2d 461, 463 (Fla. Dist. Ct. App. 3d Dist. 1980).  The Administration never repudiated the agreement.  Its letter from Hornbrook to Power Financial noted "the impossibility of executing the outright loan pool sale" and informed Power Financial that a new staff had determined that "the real estate portfolio is an important asset to Keys both now and in the future."  But this language falls short of a "distinct, unequivocal, and absolute" refusal to fulfill the agreement,  id., and did not create a genuine issue of material fact.

### B. Denial of the Joint Motion for an Enlargement of Time to Complete Discovery Was Not an Abuse of Discretion.

Power Financial argues that the denial of the joint motion to extend the time for discovery was an abuse of discretion because the parties had only four months to complete discovery, but we disagree.  "The abuse of discretion standard . . . allow[s] a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989).  The determination that four months was an adequate time in which to perform discovery was within the "broad discretion" of the district court

9

to control discovery.   See Am. Key, 762 F.2d at 1578.  Moreover, Power Financial

fails to explain how additional discovery would have enabled it to avoid a

summary judgment against its complaint.

## IV.  CONCLUSION

We **AFFIRM** the grant of summary judgment in favor of the Administration

and against Power Financial.