STURGIS, Chief Judge.
The appellant, plaintiff below, in his own right and on behalf of other taxpayers of Jackson County, Florida, brought this suit in equity to enjoin the county, acting through its county commission, from using county equipment, materials and convicts in the construction of roads and streets on certain property which was alleged to he privately owned, unimproved, uninhabited, and in the course of development as a subdivision. A temporary injunction restrained the county from further use of public funds, county equipment, materials .and convicts in the construction of roads and streets as indicated on a plat of the subdivision, known as Country Club Hills, recorded in the public records of said county.
The complaint, filed September 6, 1962, alleges:
“Paragraph One
“The plaintiff is a resident and citizen of Jackson County, Florida; that he is owner of property situated in Jackson County, Florida, and subject to taxation by said County and State for county purposes; that at all times herein mentioned he has been, and is now, a taxpayer of said County and State.
“Paragraph Two
“That heretofore in February 1962, the defendants approved as dedicated certain roads and streets as indicated on a subdivision plat entitled Country Club Hills and allegedly dedicated by Sylvester James Sheffield and wife, Sylvia Sheffield, and Robert Earl Stand-land and wife, Nadine Standland. Time does not permit the obtaining of a certified copy of the said plat but plaintiff tenders to this Honorable Court with this Complaint the original plat which appears in the records of this County in Plat Book 4, Page 66; however, a copy of said plat will be attached to this Complaint as soon as it may be obtained; that after such plat was filed for record the defendants expended public funds, used county equipment, materials and convicts in the construction of said roads and streets as the same appears on said plat.
“Paragraph Three
“That the defendants have not accepted said roads and streets as dedicated nor do the records of the minutes of the meetings of the defendants reflect the passing of a resolution establishing such roads and streets as public county roads.
“Paragraph Four
“That as a result of the foregoing the said defendants have expended public funds, used county equipment, materials and convicts in the construction of roads and streets on private property and are at the present time, this day, expending public funds, using county equipment, materials and con *26 victs in the construction of roads and streets on private property.”
Plaintiff prayed for a temporary injunction restraining the defendants pending disposition of the cause from the further use of public funds, county equipment, materials and convicts in the construction of the alleged private roads and streets in the subdivision, that the defendants be required to proceed against the owners of the subdivision to recover “a reasonable fee” for the expenses, labor and construction of said roads and streets, and for general relief.
T. W. Patrick, Howard Odom, M. D. Hill, W. A. Cogburn, and Neal Carter, in their relation as members of and constituting the Board of County Commissioners of said county, filed an answer denying the allegations contained in paragraphs one to four of the complaint, challenging its sufficiency on sundry grounds, and affirmatively alleging, in substance:
(a) That on February 13, 1962, the county approved a plat of the subject subdivision and on said date the owners conveyed to the county a right of way for public road purposes over all streets and roadways shown on said plat, delivered the deed into the hands of the clerk of the board of county commissioners of said county with the request that it be presented to said board for' acceptance, and that at a regular meeting of said board held March 27, 1962, a motion was adopted accepting said deed and the rights of way granted thereby.
(b) That subsequent thereto said board:
“ * * * at a regular meeting discussed the work to be done and in the manner customary to said Board determined that the roads and streets in the said subdivision would constitute a reasonable extension of the County road system and beneficial to all of the people of Jackson County, Florida, and thereafter directed certain work to be begun by the said County in connection with the grading of the said roads and streets; that such work was being done as a public purpose in the normal exercise of the authority of the said defendant, Board of County Commissioners, pursuant to applicable law.”
That the work done on the roads and streets-in said subdivision was lawfully performed' at the direction of the members of said' board acting in their official capacity. The-defendant officials prayed that the temporary injunction be dissolved and that plaintiff be required to pay the costs-of the action, a reasonable fee for the services of their attorneys in the premises, and all damages suffered by Jackson County as a resulf of said temporary injunction being wrongfully sued out.
Evidence was presented before the chancellor and on November 7, 1962, a “Final! Judgment” was entered. It contains findings of fact to the effect that at the inception of this suit the county was in fact using-county road-building machinery and convicts maintained by the county to build’, roads on private property, as alleged, that: such acts were unlawful, that injunctive relief was proper under the circumstances, then attending and plaintiff acted of right and in good faith in prosecuting this suit. He further found, however, that since the-commencement of the suit the roads, streets- and thoroughfares in the subject subdivision: had been conveyed to and accepted by the-county and had become part of the county road system. The prayer that the county be ordered to collect for the work and materials used on said roads prior to suit was. denied on the premise that the property improved has since become vested in the county. The judgment recites that in view of the above findings the subject of the injunction had become moot. Thereupon the-temporary restraining order was dissolved,, the costs of these proceedings were taxed against the county, and defendants’ prayer for attorney’s fees was denied. Although' the judgment appealed does not specifically so state, its over-all effect is to finally dismiss the complaint and appellant treats it as being final in nature. We proceed, there *27 ■fore, on the assumption that the judicial 'labor in the trial court has ended and •address our consideration to the question of ■whether final dismissal was proper in the light of the issues made and the evidence •adduced.
A careful analysis of the complaint reflects that the only issue presented was whether the county at the time suit was filed ‘had title to the roads and streets in the subject subdivision. The chancellor held and we agree that when this suit was filed the ■county had not acquired title to the subject •streets and roadways. While the suit was ■pending the county did effectively acquire 'title thereto and incorporated the same into the county road system. And on the narrow issue made by the complaint and answer— the question of whether an injunction •should issue prohibiting the county from •performing work thereon on the theory that •such streets and roadways were privately •owned — it follows that when the county acquired title the issue became moot, and the ■chancellor was correct in so holding.
It is important to note that plaintiff did not assert or undertake by the proofs to establish that the county commissioners exceeded their lawful authority — abused their discretion — by causing work to be performed that did not serve the public convenience and necessity, hence any such considerations were outside the scope of inquiry in the trial court, as they are here. We have alluded to this state of the pleadings because we wish to emphasize that our conclusion herein is not to be construed as condoning the expenditure of public funds ■on private property or the abuse of discretion that results when public funds are ■expended for purposes other than in furtherance of lawful objectives serving the public necessity and convenience. Of course the courts are always open to hear a taxpayer’s complaint that the County Commissioners have abused their discretion in determining that the public interest justifies construction at public expense of a particular road even though the county has legal title to, or a valid easement over the land in question. This suit does not present that problem.
Affirmed.
WIGGINTON, J., and TAYLOR, Associate Judge, concur.