JOHNSON, Judge.
Padgett instituted a taxpayer’s action against the Board of County Commissioners for Bay County seeking to enjoin them from paving certain streets in a subdivision and seeking a money judgment against the Commissioners individually in favor of Bay County and for other relief in general. The complaint charged that the Commissioners were using county equipment and labor to pave streets in a subdivision which was a private venture for gain. These streets were alleged not to serve the public convenience and necessity and not to be a valid extension of the County Road System. Gross abuse of discretion of the Commissioners was charged.
The defendant answered alleging that the right-of-way for the roads had been deeded to the County prior to the time any work was done and there was no abuse of their discretion in performing the paving in question.
The trial court entered a temporary injunction on April 29, 1965. Afterwards, affidavits, depositions, and testimony were taken, from which it developed that in December 1964, rights-of-way deeds were given to and accepted by the County Commissioners as to the streets in question; that some of the lots on the streets were occupied. The records of the Board of *411 'Commissioners do not reveal that any action was taken by the Board with reference to the paving of the streets, nor any specific determination by the Board as to the public necessity and convenience. The evidence does reveal that the right-of-way deeds were accepted and recorded; also, that by ■custom and practice, by so accepting the same these rights of ways became a part of the highway system. It also appeared that the members of the Board acquiesced in or at least by tacit agreement let each member of the Board determine the work to be done in the member’s district. This is to some extent a common practice in most counties.
The developer of the subdivision through which the streets or roads ran, ■offered to furnish the material for hard surfacing the same, if the county would do the work and furnish the machinery. This was done, and it appears to us, as it did to the chancellor below, that such action does not constitute an abuse of discretion on the part of the defendants. The streets were for public use, and the test •is not as to how much use is made of the road, but whether it is available to the public. In the case sub judice, the chancellor found that the county owned the right-of-way, that it was open to public use and being so used and that the county benefited therefrom.
Section 125.01, Florida Statutes, F.S.A., gives the Board of County Commissioners the power to build roads, to lay out, maintain, establish, etc. any road or highway in their respective counties. No particular method of accomplishing the purposes of this Chapter are set forth except that the Commissioners at any “legal meeting” may do these things, and while the Board’s system of conducting its business was a “rather loose system” as found by the chancellor, it does not constitute abuse of discretion.
In Collins v. Jackson County, Fla.App., 156 So.2d 24, this court held that where tire issue was whether the county had title to the roads and streets and it was proved that the County did have title thereto the issue became moot. The court said, however, that this decision should not be construed as condoning the expenditure of public funds . . . for purposes other than in furtherance of lawful objectives serving the public necessity and convenience. There was in the case sub judice, in addition to the occupancy of certain of the property along the streets, evidence to the effect that the town was growing “in that direction.” The cited case of Kirkland v. State, 86 Fla. 64, 97 So. 502 (1923) has no application to the case at bar. In the Kirkland case, the Commissioner converted county property to his own personal use. He embezzled from the county.
In the case before us, the Commissioner in whose district the questioned work was done, did not derive any monetary or other compensation therefor. The chancellor found the work to have been for a public purpose, and we find no reason to disturb the findings and ruling of the Chancellor. Therefore, the decree appealed is
Affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.