QUESTION: Are county commissioners authorized to permit the use of county-owned voting machines by organizations other than municipalities located within the county?
SUMMARY: Unless some public purpose will be served by such use, the county's voting machines should not be loaned to a private nonprofit corporation or to a school in connection with classroom projects. You state that the board of county commissioners of Clay County has for a number of years allowed a nonprofit private organization — the Clay Cooperative Power Company — to use its voting machines to elect their trustees. The board has also allowed schools, both private and public, located within the county to use its machines for conducting elections for classroom projects. All costs for maintenance and labor are borne by the organizations borrowing the machine or machines. It is a basic and fundamental principle of law that county funds may be spent and county property may be used only for an authorized county purpose. (See also Art. VII, s. 10, State Const., prohibiting state and local governmental agencies from giving, lending, or using their taxing power or credit to aid any private individual or corporation.) Whether a particular expenditure of funds or use of property will serve a county purpose "is to be determined by the courts from the facts and circumstances of each particular case." Escambia County v. Pilot Commissioners, 42 So. 697 (Fla. 1906). Public purposes or functions may be carried out through private nonprofit corporations as well as through public agencies, and may incidentally benefit the private corporation without detracting from the public nature of the project. See, for example, Little Major League Ass'n v. Gulfport Lion's Little L., 127 So.2d 707 (2 D.C.A. Fla., 1961); Raney v. City of Lakeland, 88 So.2d 148 (Fla. 1956); Hannah v. Sunrise Recreation, 94 So.2d 597 (Fla. 1957); cases cited in O'Neill v. Burns, 198 So.2d at p. 4 (Fla. 1967). However, there must be some clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be accomplished, as well as some control retained by the public authority to avoid frustration of the public purpose, to justify the disbursement, loan, or pledge of public funds or property to a nongovernmental entity such as a nonprofit corporation. O'Neill v. Burns, supra, at p. 4. The Legislature has declared, in effect, that the use of the county's voting machines by a municipality is a proper county purpose. See s. 101.36, F.S., requiring municipalities in counties of more than 260,000 population to use the county's voting machines and authorizing the boards of county commissioners of other counties to permit municipalities to do so. And in a county which has adopted voting machines pursuant to s. 101.32, id., the voting machines must be used "at any and all elections held in the county," including school trustee and millage elections. Attorney General Opinion 061- 174. However, it is obvious that the Legislature was referring to elections of a public nature and not to elections of officers of private corporations or for classroom projects in the public schools. And unless some valid public purpose may be shown for the use of the county-owned voting machines for such purposes, the practice should be discontinued. Cf. Collins v. Jackson County, 156 So.2d 24 (1 D.C.A. Fla., 1963), ruling that county road-building equipment cannot be used to build roads on private property; and Lipford v. Harris, 202 So.2d 109 (1 D.C.A. Fla., 1967), disapproving the use of county funds to build roads in a substantially uninhabited subdivision. Accord: Attorney General Opinion 073-222.