Roger G. Saberson City Attorney Delray Beach
QUESTION:
Can a city spend public funds to maintain privately owned streets in a residential subdivision located within the city without violating s. 10, Art. VII of the State Constitution?
SUMMARY:
A municipality may not lawfully expend public funds to repair or maintain privately owned roads or streets located within the municipality. Any expenditure of public funds must be for a primarily public purpose, with only incidental or secondary benefit to private interests.
I must point out, first, that only the courts, not this office, can officially determine and rule whether a particular expenditure of funds by a municipality violates s. 10, Art. VII, or any other provision of the State Constitution. Short of judicial adjudication of this matter, it is primarily and initially your responsibility as city attorney to advise the city council as to the validity of a particular expenditure or the likelihood that it might be ruled unconstitutional by the courts.
You stated in your letter that the roads or streets in question are `private streets' and that they are `privately owned.' Given this premise, it is certainly to be presumed that maintenance or repair of such private streets would be the responsibility of the private owners thereof. The test for any expenditure of public funds by a municipality or other governmental entity in this state is whether the expenditure is for a purpose which primarily benefits the public, with any benefits to private interests being only incidental and secondary. O'Neill v. Burns, 198 So.2d 1 (Fla. 1967). I assume that in making the various references to `private streets' and `privately owned streets' in your letters you have determined that no municipal or public right to use of or easement over such roads or streets exists or has arisen, such as by prescriptive easement, common law dedication, or operation of law.See AGO's 078-88 and 073-222 for discussion of the several ways in which a municipality or the public (as distinct from the municipality) may gain the right to use land for public roadway purposes. In any event, such determinations, as pointed out in AGO 078-88, are mixed questions of fact and law which this office cannot determine. If any such factors exist, it is your responsibility to establish them and to apply to them the legal principles referred to herein.
Based on your statement of the facts involved, your question appears to have been answered by AGO 073-222. Although that opinion concerned maintenance of roads by a county, the home rule powers of municipality are of no real significance here, as the matter at issue is controlled by constitutional law and the fundamental doctrine of public purpose. In AGO 073-222, the question was: `May a county provide minor work or repairs on private roads and expend county funds therefor?' The answer to that question was in the negative. It was stated in that opinion:
 The fundamental criterion for the expenditure of county funds is that such expenditure will serve a county as contrasted to a private purpose. Article VII, s. 1, State Const., impliedly limits the imposition of taxes and the expenditure of tax revenues to public purposes.
This principle of constitutional law applies with equal effect to municipalities and municipal funds. It was further stated in AGO 073-222 that `[a] private road is, by its very nature, not available to the public, and the public has no right to travel by motor vehicle thereon. This being the case, the repair or maintenance of such a road cannot serve a public or county purpose.' (Emphasis supplied.) In O'Neill v. Burns, 198 So.2d 1, 4
(Fla. 1967), the Supreme Court applied the prohibitions of s. 10, Art. IX, State Const. 1885 (the predecessor of current s. 10, Art. VII), to a proposed grant of state funds to the Junior Chamber of Commerce and quoted with approval the following analysis of the public purpose doctrine as stated by the trial court:
 It is only when there is some clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be substantially and effectively accomplished, that the state or its subdivision
may disburse, loan or pledge public funds or property to a non-governmental entity such as a non-profit corporation . . . . (Emphasis supplied.)
See also Brumby v. City of Clearwater, 149 So. 203 (Fla. 1933), wherein the court found invalid a contract entered into by a municipality and a private individual, under which the municipality was to dredge a channel leading to the private individual's place of business. The court found such an expenditure of municipal funds to be violative of s. 10, Art. IX, State Const. 1885 (which, for the purposes of this opinion, was essentially the same as present s. 10, Art. VII, State Const.), as being for a primarily private purpose. Cf. Padgett v. Bay County,187 So.2d 410 (1 D.C.A. Fla., 1966); and Collins v. Jackson County, 156 So.2d 24 (1 D.C.A. Fla., 1963), in which, although the issue had become moot by the county's acquisition of title to the roads and incorporation of them into the county road system during the pendency of the suit, the District Court of Appeal emphasized at 27 that its conclusion therein was `not to be construed as condoning the expenditure of public funds on private property or the abuse of discretion that results when public funds are expended for purposes other than in furtherance of lawful objectives serving the public necessity and convenience.'
Based on the above-cited authorities, I am of the opinion that your question as stated should be answered in the negative. The expenditure of public funds by a municipality to repair or maintain private streets (in which the municipality has no property rights or interest and over which the public has no easement or right to use for roadway purposes or to travel) would appear to contravene s. 10, Art. VII, State Const., and would not meet the test of being for a primarily public purpose with only incidental private benefit.
Prepared by:
Jerald S. Price Assistant Attorney General