Mr. John H. McCormick Hamilton County Attorney
Dear Mr. McCormick:
You have asked the following question:
May the county commission expend public funds to repair and maintain private roads upon which county school buses are authorized to travel pursuant to agreements with the landowner/parents of children attending school?
In sum:
The county may not expend county funds to repair and maintain private roads, regardless of an agreement allowing school buses to travel upon the road to transport the children of the landowner/parent.
You state that the Hamilton County School Board allows its school buses to travel over private roads on private property pursuant to agreements with the landowners who are parents of children attending school. The sole purpose of traveling over the private property is to transport the children of the private landowner to and from school. Other public vehicles or members of the general public are not allowed, by virtue of the agreement, to travel over the private roads. The school board and the county have entered into an interlocal agreement whereby the county is obliged to make repairs to and maintain the private roads used by the school buses.
It is a basic tenet that the expenditure of public funds must be primarily for a public purpose.[1] Thus, the expenditure of county funds must meet a county purpose, rather than a private purpose.[2] The courts of this state and this office have concluded that public funds may only be spent for the construction, maintenance or repair of public roads.[3]
In Attorney General Opinion 79-14, this office concluded that a municipality could not lawfully spend public funds to repair or maintain privately owned roads. Likewise, in Attorney General Opinion 85-101, it was concluded that public money could not be used to maintain and operate a private bridge. In order for a county or other governmental unit to use public funds for the construction, maintenance or repair of a road, the road must be a public road. A public road is one open to and set apart for the public, as contrasted to a private road which by its nature is not available to the public and upon which the public has no right to travel.[4]
This office, in Attorney General Opinion 85-90, considered whether special assessments could be levied by a county for making road and drainage improvements in a subdivision in which access to all or portions of the lots was by roads or easements not owned by or dedicated to the public or to the county. It was determined that the improvements would only benefit the private landowners, since the roads and easements were not dedicated to or owned by the public or the county. Considering that section 1, Article VII, Florida Constitution, limits the imposition of taxes and the spending of tax revenues to public purposes, it was concluded that such expenditures would not, therefore, be authorized.[5]
Similarly, in this case it would appear that the contract to maintain the private driveways would be of primary benefit to the private individuals.
The existence of a contract to provide road maintenance and repair to roads used by the county school system would not operate to allow maintenance and repair on otherwise private roads.[6] While the nature of a road as private or public is ultimately a mixed question of fact and law which must be resolved by a court of competent jurisdiction,[7] it does not appear that the agreements between the landowners and the school board allow the public to freely travel on the subject driveways, nor are the roadways or easements dedicated or deeded to the county, such that the roadways would be public.[8]
I must conclude, therefore, that private driveways upon which the public does not have a right to travel are not public roadways or easements which may be maintained or repaired by the county with the expenditure of county funds.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 1, Art. VII, Fla. Const., which by implication limits the imposition of taxes and the expenditure of tax revenue to public purposes.
[2] See, Op. Att'y Gen. Fla. 73-222 (1973); and Collins v.Jackson County, 156 So.2d 24 (Fla. 1st DCA 1963) (county not authorized to expend funds to maintain municipal roads which have not been designated as county roads).
[3] See, Padgett v. Bay County, 187 So.2d 410 (Fla. 1st DCA 1966); Collins v. Jackson County, supra; Ops. Att'y Gen. Fla. 73-222 (1973) and 75-309 (1975).
[4] See, Op. Att'y Gen. Fla. 78-88 (1978) (Where county has formally or informally or by public user accepted an offer of public dedication of subdivision roads which have been designated as public roads on a recorded plat, the county may expend public funds on such roads which are in fact used or to be used as county roads).
[5] See also, Atlantic Coast Line R. Co. v. City of Lakeland,115 So. 699, 676 (Fla. 1927), in which the Court concluded there is no provision in the State Constitution which authorizes a municipality to tax a citizen to make improvements for his own benefit; it must be for a public purpose or it is not a legitimate exercise of the taxing power; and Brumby v. City of Clearwater,149 So. 203 (Fla. 1933) (no authority for the expenditure of public money to dredge a canal leading to an individual's place of business).
[6] See, Brumby, supra, at 204, in which the Court found that the municipality did not possess the authority to enter into a contract to provide the dredging services to benefit the private landowner.
[7] See, e.g., Ops. Att'y Gen. Fla. 78-63 (1978), 75-309 (1975) and 74-176 (1974).
[8] Cf., Op. Att'y Gen. Fla. 83-84 (1983) (when access to and common use of roads on private property is not generally available to the public, but is legally limited by recorded restrictive covenants to those having express or implied permission form the owner, uniform traffic laws in Ch. 316, Fla. Stat., may not be enforced by a municipal police department on such "private" roads).