Mr. Christopher A. White Neptune Beach City Attorney 436 Jacksonville Drive Jacksonville Beach, Florida 32250
Dear Mr. White:
You ask substantially the following question:
May the city expend public funds for the maintenance of a permanent easement through privately-owned commercial property that connects two adjoining privately owned commercial properties that are used as parking lots?
In sum:
The city may expend public funds for the maintenance of a permanent easement through privately owned commercial property that connects two adjoining privately owned commercial properties that are used as parking lots if the easement grants the public the right to travel on the property and the city commission determines that the expenditure serves a municipal purpose.
It is a basic tenet that the expenditure of public funds must be primarily for a public purpose.[1] Thus, the expenditure of municipal funds must meet a municipal purpose, rather than a private purpose.[2]
Based upon such considerations, this office has on several occasions stated that a governmental entity such as a municipality may not lawfully spend public funds to repair or maintain privately owned roads.[3] In order for public funds to be expended for the construction and maintenance of a road, the road must be a "public" one, i.e., the expenditure must be for a public purpose. As this office stated in Attorney General Opinion 73-222,
"Article VII, s. 1, State Const., impliedly limits the imposition of taxes and the expenditure of tax revenues to public purposes. . . . A private road is, by its very nature, not available to the public, and the public has no right to travel by motor vehicle thereon. This being the case, the repair or maintenance of such a road cannot serve a public or county purpose."
Thus, in order for public funds to be used for the construction, maintenance or repair of a road, the road must be a public road open to and set apart for the public, as contrasted with a private road, which by its nature is not available to the public and upon which the public has no right to travel.
For example, in Attorney General Opinion 85-90, this office considered whether special assessments could be levied by a county for making road and drainage improvements in a subdivision in which access to all or portions of the lots was by roads or easements not owned by or dedicated to the public or to the county. It was determined that the improvements would only benefit the private landowners, since the roads and easements were not dedicated to or owned by the public or the county.[4]
According to your letter, the city would be granted a permanent easement over the private property and would utilize public funds to maintain that easement. It is not clear from your letter, however, whether the easement encompasses use by members of the general public. In Attorney General Opinion 92-42, this office concluded that the county could not expend county funds to repair and maintain private roads where members of the general publicwere not allowed, regardless of an agreement allowing school buses to travel upon the road to transport the children of the landowner/parent.
Where, however, a county or municipality has formally or informally or by public use accepted an offer of public dedication of subdivision roads that have been designated as public roads on a recorded plat, the county may expend public funds on such roads that are in fact used or will be used as county roads.[5]
It appears from your letter that the road in question in the instant inquiry is open to the public. Moreover, you state that the city is interested in maintaining the easement to connect the two parking lots so that members of the public going from one parking lot to the other would not be required to exit onto an adjoining heavily traveled four-lane highway.
Whether the public has acquired a right to travel on the property, under the easement or otherwise,[6] presents a mixed question of law and fact that this office cannot resolve. In addition, the determination as to whether such an expenditure serves a public,i.e., municipal, purpose is one that the governing body of the municipality must make. Such a determination cannot be delegated to this office.
I am, however, of the opinion that the city may expend public funds for the maintenance of a permanent easement through privately owned commercial property that connects two adjoining privately owned commercial properties that are used as parking lots if the easement grants the public the right to travel on the property and the city commission determines that the expenditure serves a municipal purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Art. VII, s. 1, Fla. Const., which limits the imposition of taxes and the spending of tax revenues to public purposes; and see, Art. VII, s. 10, Fla. Const. 
[2] See, s. 166.021, Fla. Stat. And see, Atlantic Coast Line R.Co. v. City of Lakeland, 115 So. 669, 676 (Fla. 1927) (municipal tax must be for a public purpose or it is not a legitimate exercise of the taxing power); and Brumby v. City of Clearwater,149 So. 203 (Fla. 1933) (no authority for the expenditure of public money to dredge a canal leading to an individual's place of business).
[3] See, e.g., Ops. Att'y Gen. Fla. 79-14 (1979), 78-88 (1978), and 73-222 (1973). And see, Padgett v. Bay County, 187 So.2d 410
(Fla. 1st DCA 1966); Collins v. Jackson County, 156 So.2d 24
(Fla. 1st DCA 1963) (county not authorized to expend funds to maintain municipal roads which have not been designated as county roads). Cf., Op. Att'y Gen. Fla. 85-101 (1985) (public money may not be used to maintain and operate a private bridge). But see,
Op. Att'y Gen. Fla. 98-22 (1998) (county could dedicate county funds to keep private roads open during a local emergency declared pursuant to section 252.38, Florida Statutes, provided that the county first makes appropriate legislative findings as to the purpose of the expenditure and the benefits which would accrue to the county).
[4] Cf., Op. Att'y Gen. Fla. 94-89 (1994), in which this office concluded that granting a temporary easement of thirty days to the county would not appear to satisfy the public purpose requirement for the expenditure of public funds if the expenditure of such funds is not otherwise permissible.
[5] Attorney General Opinion 78-88 (1978).
[6] There are several ways in which a city may acquire the right to use land for public roadway purposes. For example, the public may acquire the right to use land as a roadway by prescription;see, Downing v. Bird, 100 So.2d 57, 64-66 (Fla. 1958); Spain v.Minder, 346 So.2d 139, 139-140 (Fla. 1st DCA 1977) (Boyer, C.J., spec. conc.); Orange Blossom Hills, Inc. v. Kearsley,299 So.2d 75, 76-77 (Fla. 1st DCA 1974); by dedication to the public by operation of law under s. 95.361(1), Fla. Stat.; or by common law dedication of land for use as a public road by express word or unequivocal act of the owner thereof, coupled with an acceptance by the public of the dedication, such as by use of the land. E.g.,City of Miami v. Florida East Coast Ry. Co., 84 So. 726, 729 (Fla. 1920); Mainor v. Hobbie, 218 So.2d 203, 205 (Fla. 1st DCA 1969),app. dismissed, 225 So.2d 530 (Fla. 1969); Op. Att'y Gen. Fla. 78-63 (1978).