Mr. George Ralph Miller Walton County Attorney Post Office Box 687 DeFuniak Springs, Florida 32435
Dear Mr. Miller:
On behalf of the Walton County Board of County Commissioners, you ask the following questions:
1. May the county enter into a private dirt road grading service program whereby residents submit requests to grade driveways on private property for the sum of $50 per hour?
2. May the county repair private driveways and roads in order to assure access to mail service, school buses, and ambulances?
As your questions are interrelated, they will be answered together.
In sum:
A county may furnish county road grading of private roads if provision is made for payment of all actual costs of such service by the owner of the private road to the county and if the board of county commissioners, in the exercise of the county's home rule powers, determines that such a program serves a county purpose.
The courts of this state and this office have held that public funds may only be spent for the construction, maintenance, or repair of public roads.[1] For example, in Attorney General Opinion 79-14, this office concluded that a municipality could not lawfully spend public funds to repair or maintain privately owned roads. Similarly, in Attorney General Opinion 85-101, it was concluded that public money could not be used to maintain and operate a private bridge. Moreover, in Attorney General Opinion 92-42, this office stated that the fact that certain public vehicles, such as school buses, were permitted to travel on a private road did not authorize a county to expend county funds to repair and maintain the road since members of the general public were not allowed to travel on the road.
Thus, in order for a county or other governmental unit to use public funds for the construction, maintenance, or repair of a road, the road must be a "public" road, that is, one open to and set apart for the public, as contrasted to a private road which by its nature is not available to the public and upon which the public has no right to travel.
It appears from your letter, however, that the county is interested in developing a program whereby the costs for providing such grading service would be borne by the private property owner and not by the county.
I would note, by way of analogy, that prior to 1987 the uniform traffic laws could not be enforced by law enforcement on roads where the public did not have the right to travel.[2] The Legislature amended section 316.006, Florida Statutes, in 1987 to authorize a county or municipality to exercise jurisdiction over any private road for purposes of traffic control, so long as there is a written agreement that provides for reimbursement to the county or municipality for all actual costs of the traffic control and enforcement.[3]
The board of county commissioners, as the governing body of a county, has been granted broad powers to carry on county government.[4] Thus, if the board of county commissioners determines that it is in the county's interest, it appears that the county possesses the power to establish such a program. Provision, however, should be made to ensure that payment of all actual costs of providing such service is undertaken by the private landowner.[5]
Accordingly, I am of the opinion that a county may supply county road grading of private roads if payment of all actual costs of providing such service is undertaken by the owner of the private road to the county, and if the board of county commissioners, in the exercise of the county's home rule powers, determines that such a program serves a county purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, Padgett v. Bay County, 187 So.2d 410 (Fla. 1st DCA 1966); Collins v. Jackson County, 156 So.2d 24 (Fla. 1st DCA 1963); Ops. Att'y Gen. Fla. 94-89 (1994), 78-88 (1978), 75-309 (1975) and 73-222 (1973). Cf., Lovey v. Escambia County,141 So.2d 761,(Fla. 1st DCA 1962) (county's maintenance of road for more than four years raised conclusive presumption of dedication).
[2] See, e.g., Op. Att'y Gen. Fla. 86-59 (1986).
[3] See, s. 3, Ch. 87-88, Laws of Florida.
[4] See, s. 125.01, Fla. Stat., and Speer v. Olson,367 So.2d 207, 211 (Fla. 1978) (first sentence of s. 125.01(1), Fla. Stat., grants to the governing body of a county the full power to carry on county government, and unless the Legislature has preempted a particular subject, county governing body has full authority to act through the exercise of home rule power).
[5] Such costs include not only the cost of using the equipment but the depreciation of the machinery, salary and employee benefits being accrued by the county personnel providing such services.