Mr. Thomas A. Sheehan, III General Counsel Loxahatchee Groves Water Control District Post Office Box 3888 West Palm Beach, Florida 33402-3888
Dear Mr. Sheehan:
You ask substantially the following question:
May the Loxahatchee Groves Water Control District use district funds to maintain a private road in order to provide access for Palm Beach County Fire-Rescue to respond to residents living on the road?
In sum:
While the Loxahatchee Groves Water Control District may not use district funds to maintain a private road in which the district has no interest, the county may furnish such service if provision is made for payment of all actual costs by the owner of the private road to the county and it is determined that such a program serves a county purpose.
The Loxahatchee Groves Water Control District (district) has been contacted by Palm Beach County Fire-Rescue requesting maintenance on a private road whose condition is such that emergency response to residents on the road would be severely hampered, if not impossible. You indicate that the road is privately owned and that the district has no ownership or easement rights in it.
Chapter 99-425, Laws of Florida, sets forth the powers of the district. In addition to the powers provided in Chapter 298, Florida Statutes, the district has the authority:
"to maintain roadways and roads necessary and convenient for the exercise of the powers or duties . . . of the district or the supervisors thereof; and in furtherance of the purpose and intentof this act and chapter 298, Florida Statutes, to maintain roadways and roads necessary and convenient to provide access to and efficient development of areas made suitable and available for cultivation, settlement, and other beneficial use and development as a result of the reclamation operations of the district. . . ." (e.s.)[1]
The board of supervisors of the district is authorized "to expend funds of the district to pay for engineering studies and plans for the purpose of developing a road improvement program for the construction, maintenance, improvement, and repair of dedicatedroads and road rights-of-way, including the swales thereof, within the district."[2] (e.s.) While the district's authority to maintain roads is broad enough to encompass roads that facilitate settlement within the district, the district's authority to expend funds for the maintenance of roads is limited to those roads and road rights-of-way that have been dedicated to the district.
The courts of this state and this office have concluded that public funds may only be spent for the construction, maintenance, or repair of public roads.[3] In Attorney General Opinion 92-42, this office stated that the fact certain public vehicles, such as school buses, were permitted to travel on a private road did not authorize a county to expend county funds to repair and maintain the road when the general public was not allowed to travel on it.
A governmental entity, therefore, may use public funds for the construction, maintenance, or repair of a road only when the road is a "public" road. This office has concluded that a "public" road is one open to and set apart for the public, as contrasted to a private road which by its nature is not open to the public and upon which the public has no right to travel.[4]
As a statutorily created entity, the district has only such powers and authority as have been expressly granted by law or necessarily implied therefrom in order to carry out an expressly granted power.[5] In this instance, the roadways have not been dedicated to the district. Further, nothing in the district's enabling legislation indicates a legislative intent that the district be responsible for ensuring the general public's safety or, more particularly, the provision of fire and rescue services within the district.
This office has previously addressed whether a county could enter into a private dirt road grading program whereby residents could request that their driveways on private property be graded for a set hourly rate.[6] Citing, by analogy, to a legislative change allowing traffic control and enforcement on private roads when there is a written agreement providing for reimbursement of all actual costs of the program, this office concluded that the county could institute such a program if, in exercising the county's broad home rule powers, the board of commissioners determined that it served a county purpose.
Accordingly, while the Loxahatchee Groves Water Control District may not use district funds to maintain a private road that has not been dedicated to the district, the county may furnish such service if provision is made for payment of all actual costs by the owner of the private road to the county and it is determined that such a program serves a county purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 4.a., Ch. 99-425, Laws of Fla. See also, s. 4.c., Ch. 99-425, Laws of Fla., granting the district the authority to "construct, maintain, improve, and repair roadways and roads necessary and convenient for the exercise of any of the powers or duties of the district . . . or to provide access to and development of areas within the district. . . ."
[2] Section 4.b., Ch. 99-425, Laws of Fla.
[3] See, Padgett v. Bay County, 187 So.2d 410 (Fla. 1st DCA 1966); Collins v. Jackson County, 156 So.2d 24 (Fla. 1st DCA 1963); Ops. Att'y Gen. Fla. 99-15 (1999), 94-89 (1994), 78-88 (1978), 75-309 (1975) and 73-222 (1973). Cf., Lovey v. EscambiaCounty, 141 So.2d 761 (Fla. 1st DCA 1962) (county's maintenance of road for more than four years raised presumption of dedication).
[4] Attorney General Opinion 99-15 (1999).
[5] See, Halifax Drainage District of Volusia County v. State,185 So. 123, 129 (Fla. 1938); Ops. Att'y Gen. Fla. 96-90 (1996) and 89-42 (1989).
[6] Attorney General Opinion 99-15 (1999).