Ms. Denise M. Dytrych Palm Beach County Attorney Post Office Box 1989 West Palm Beach, Florida 33402-1989
Dear Ms. Dytrych:
On behalf of the Palm Beach County Board of County Commissioners, you ask the following question:
May the county commission expend public funds to provide private communities with services such as the repair and maintenance of privately-owned roads and related infrastructure (e.g. sidewalks, street lighting, stormwater systems and landscaping) and water and sewer systems?
In sum:
Generally, county funds may not be used to maintain or repair privately-owned roads and related infrastructure or privately-owned water and sewer systems in private communities. The county, however, may furnish such services if provision is made for payment of all actual costs by the owner or owners of the private road or water or sewer system to the county and it is determined that such a program serves a county purpose.
Article VII, section 10, Florida Constitution, prohibits the state and its subdivisions from using their taxing power or pledging public credit to aid any private person or entity. The purpose of this constitutional provision is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefitted."[1] However, if the expenditure primarily or substantially serves a public purpose, the fact that the expenditure may also incidentally benefit private individuals does not violate Article VII, section 10.[2]
Thus, in order to satisfy Article VII, section 10, Florida Constitution, the expenditure of county funds must be for a public purpose. This office, in determining whether public funds may be expended for improvements to private property such as private roads, has considered whether the governmental entity has a property right or interest in such property or whether the public has an easement or right to use the property.
For example, in Attorney General Opinion 79-14, this office concluded that the expenditure of public funds by a municipality to repair or maintain private streets in which the municipality has no property rights or interest, and over which the public has no easement or right of use, would appear to contravene the public purpose requirements of Article VII, section 10, Florida Constitution.[3] Similarly, this office in Attorney General Opinion 85-101 concluded that public funds could not be used to maintain a private bridge that was not open to or set apart for the public and upon which the public had no right to travel.
In Attorney General Opinion 92-42, this office stated that the fact certain public vehicles, such as school buses, were permitted to travel on a private road did not authorize a county to expend county funds to repair and maintain the road when the general public was not allowed to travel on it. However, in Attorney General Opinion 98-22, this office concluded that Citrus County can use county funds to keep private roads passable during a declared state of emergency under section 252.38, Florida Statutes, if the county commission determines that such an expenditure satisfies a county purpose.
In Northern Palm Beach County Water Control District v. State,[4] the Supreme Court of Florida in a 4-3 decision concluded that Article VII, section 10, Florida Constitution, did not prohibit the water control district from issuing bonds to finance on-site road improvements in a district created for the purpose of draining and reclaiming the land. In reaching its decision, the Court relied on the fact that the district's taxing power was not involved, there was no pledge of the district's credit, the Legislature had set forth a declaration of the public purpose to be served, and the district would retain ownership of the roadways in question.
The Court expressed concern that public access to the roads would be limited: "[T]he fact that public access to the roads will be limited raises a question of whether the stated public purposes are only incidental to a primary private purpose. . . ."[5] The fact that the district retained ownership of the roadways in question, coupled with the legislative declaration of a public purpose, "leads us to the conclusion that the on-site road improvements serve a public purpose."[6] The Court stated, however, that "[a] broad, general public purpose . . . will not constitutionally sustain a project that in terms of direct, actual use, is purely a private enterprise."[7]
The determination of whether the expenditure of county funds serves a county purpose is one that the board of county commissioners, as the legislative body for the county, must make. However, this office has stated that the mere grant of a temporary easement of thirty days to permit the county to enter private property to repair private drains and canals was not sufficient to constitute a public purpose for which county funds could be expended.[8]
The conclusions reached in the above opinions regarding the maintenance and repair of private roads, drains and canals would appear to be equally applicable to the maintenance and repair of the infrastructure of privately-owned facilities. As noted by the Court in Northern Palm BeachCounty Water Control District v. State, supra, the presence of public ownership is a significant factor in a finding of public purpose. According to your letter, however, the roads and water and sewer systems are privately owned. Moreover, you have not advised this office of any emergency that would require the expenditure of county funds to maintain these systems in order to protect the public health, safety or welfare of the county.[9] While the determination of what constitutes a county purpose is one that must be made by the governing body of the county and cannot be delegated to this office,[10] the expenditure of county funds to maintain or repair privately-owned roads and related infrastructure or privately-owned water and sewer systems in private communities generally would not appear to be permissible.
I would note, however, that this office has previously addressed whether a county could enter into a private dirt road grading program whereby residents could request that their driveways on private property be graded for a set hourly rate. In Attorney General Opinion 99-15, this office concluded that the county could institute such a program if, in exercising the county's broad home rule powers, the board of commissioners determined that it served a county purpose. The opinion notes, however, that provision should be made to ensure that payment of all actual costs of providing such service is undertaken by the private landowner, such costs to include not only the cost of using the equipment but the depreciation of the machinery, salary and employee benefits being accrued by the county personnel providing such services.[11]
Accordingly, I am of the opinion that county funds may not be used to maintain or repair privately-owned roads and related infrastructure or privately-owned water and sewer systems in private communities. The county, however, may furnish such services if provision is made for payment of all actual costs by the owner or owners of the private road or water or sewer system to the county and it is determined that such a program serves a county purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Bannon v. Port of Palm Beach District, 246 So.2d 737, 741 (Fla. 1971).
[2] See, e.g., State v. Housing Finance Authority of Polk County,376 So.2d 1158, 1160 (Fla. 1979). If the county's taxing power or pledge of credit is involved, the improvements must serve a paramount public purpose. See, Orange County Industrial Development Authority v. State,427 So.2d 174 (Fla. 1983). If, however, neither the taxing power nor a pledge of credit is involved, then it is enough to show only that a public purpose is involved. Linscott v. Orange County Industrial DevelopmentAuthority, 443 So.2d 97 (1983).
[3] And see, Padgett v. Bay County, 187 So.2d 410 (Fla. 1st DCA 1966); Collins v. Jackson County, 156 So.2d 24 (Fla. 1st DCA 1963); Op. Att'y Gen. Fla. 73-222 (1973) (expenditure of county funds to provide minor work or repair on private roads). Cf., Brumby v. City of Clearwater,149 So. 203 (Fla. 1933), in which the Supreme Court of Florida voided a contract between a city and a private individual whereby the city financed the dredging of a channel leading to the private individual's place of business, because "the contract clearly required the appropriation of public money for the individual benefit of the applicant[.]"
[4] 604 So.2d 440 (Fla. 1992).
[5] Id. at 443.
[6] Id.
[7] Id., quoting, Orange County Industrial Development Authority v.State, 427 So.2d 174, 179 (Fla. 1983), noting that the Court considered that the presence of public ownership to be a significant factor in a finding of public purpose.
[8] Attorney General Opinion 94-89.
[9] Cf., Op. Att'y Gen. Fla. 98-22 (1998) (county could use county funds to keep private roads passable during a declared state of emergency if county commission determines that such an expenditure satisfies a county purpose).
[10] See, Ops. Att'y Gen. Fla. 90-37 (1990), 83-6 (1983), and 77-27 (1977), stating that the legislative determination and findings as to the purpose of the expenditure and the benefits accruing to the public body could not be delegated to the Attorney General nor could the Attorney General undertake to make such findings on behalf of the public body.
[11] Accord, Op. Att'y Gen. Fla. 99-73 (1999).